THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EUGENE PAULL, Defendant-Appellant.

First District (3rd Division)   No. 86—1361

Opinion filed November 30, 1988.

Thomas R. Allen, of Chicago (Mary Ellen Dienes, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Lynda A. Peters, and Rena M. David, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant Eugene Paull, charged with aggravated incest and convicted of that offense after a jury trial, appeals the conviction and the six-year prison sentence imposed thereon. He contends that the trial court erred in admitting into evidence items found in his home; in inadvertently suggesting to the jury that he was charged with a second count of the same offense; in allowing unfairly prejudicial cross-examination of a defense witness; and in admitting testimony which accused him of other crimes.

The complaining witness, the younger of defendant's two daughters, alleged that the incident occurred during an August 1983 visit at the home of defendant, who was divorced from her mother. Complainant, who was 16 years old at the time, alleged that defendant invited her to the bedroom he shared with his girlfriend, Sharon Olnhausen; that the two adults performed sexual acts upon her; and that she engaged in sexual intercourse with defendant.

Before trial, the defense moved to exclude two photographs and three books which were found in a search of defendant's apartment following his arrest. Sharon Olnhausen, who shared the apartment and gave police officers written consent to search the premises, testified that she had signed the consent form only after police officers told her that if she did not consent, they would get a search warrant and "it would look bad" for defendant. Defendant argued that the officers' remarks to Olnhausen constituted coercion which invalidated her consent. He also claimed that the photographs, which showed complainant nude, and the books, whose subject was incest, were unfairly prejudicial. The trial court ruled that the photographs and books were admissible, and defendant contends that this ruling was error.

■ A trial court's decision on the voluntary nature of a consent to search will be accepted on review unless clearly unreasonable and an abuse of discretion. (*People v. Howard* (1984), 121 Ill. App. 3d 938, 946, 460 N.E.2d 432.) In our view, the mere statements that the officers would get a warrant and that "it would look bad" for defendant fall far short of establishing coercion or deceit and do not justify reversal of the trial court's finding that Olnhausen's consent was voluntary.

■ We are similarly disinclined to disturb the trial court's decision that the prejudicial effect of the books and photos did not outweigh their probative value. A reviewing court will not substitute its own judgment on the issue for that of the trial court unless an abuse of discretion is apparent; no such abuse appears here. See *People v. Ward* (1984), 101 Ill. 2d 443, 463 N.E.2d 696.

■ Defendant also contends that he was prejudiced by a court error in the reading of the charges against him. At the start of jury selection, the trial court began to read an indictment to the prospective jurors:

> "THE COURT: The case before the Court is the case of the People of the State of Illinois versus Eugene Charles Paull, wherein the defendant is charged with on August 1, 1983, with committing the offense of aggravated incest, in that he, a male person, knowing the victim involved herein as his daughter, had sexual intercourse with Teresa Paull, a female, in violation of the statutes.
>
> He is also charged with—
>
> MR. ROSENSTRAUCH [defense attorney]: Excuse me, I believe they have changed their election.
>
> MR. QUIRK [prosecutor]: It was changed on the last court date, sir.
>
> THE COURT: Ladies and gentlemen, disregard that last statement."

The court then read the proper indictment, which named complainant as the victim. Teresa Paull, defendant's older daughter, was named as the victim in a second incest indictment, which the prosecution elected not to pursue. Teresa Paull testified for the defense in the trial which produced the instant appeal.

In *People v. Timms* (1978), 59 Ill. App. 3d 129, 375 N.E.2d 1321, this court addressed an allegation that a trial court's error in reading an indictment to prospective jurors warranted a new trial. In that case, the trial court initially indicated that the defendant was charged with armed robbery and attempted murder. No immediate objection

was made, but after an off-record conference, the trial court told the jurors that the defendant was charged with armed robbery and that attempted murder was not to be considered. This court held: "These statements by the trial judge may have left the jury with the impression that a charge of attempt murder was also pending against the defendant. The prejudicial nature of this suggestion, although clearly inadvertent, supports our conclusion that defendant should be granted a new trial." (59 Ill. App. 3d at 137.) We believe that the conclusion reached in *Timms* applies with equal force to the case at bar.

■ We also find merit in defendant's argument that Teresa was improperly impeached by inflammatory and irrelevant cross-examination. On direct examination, she testified that her sister, the complainant, stayed with her, not their father, in early August 1983, and that to her knowledge, defendant and complainant did not see each other at the time the offense allegedly occurred. On cross-examination, after asking Teresa's name, her relationship to complainant, and her address, the prosecutor asked, "And you are a stripper, aren't you?" The trial court sustained the defense's objection to the question. The prosecutor asked Teresa if she had worked at a lounge, and the defense's objection was overruled. The prosecutor asked if she had worked in a theater where pornographic movies were shown, and if she had been a stripper there. When the prosecution asked Teresa if she drank, her answer was, "Yes, I do drink," the defense objected and attempted to add to her answer. The trial court overruled the objection and called a sidebar:

> "THE COURT: Certainly I will determine whether or not I will allow any particular questions to be asked, and I see nothing objectionable to establish the background of this witness and to show what kind of work she does, and it's appropriate and proper. I know of no cases where anybody cannot cross-examine any witness to establish what type of work she does and whether she drinks or doesn't drink."

The prosecutor then asked Teresa whether she had children and how old she had been when they were born. When the prosecutor asked if the children were in the custody of Teresa's aunt because they "interfere[d] with [Teresa's] job and social life," the trial court sustained the defense objection and instructed the jurors to disregard the question.

In *People v. Gibson* (1971), 133 Ill. App. 2d 722, 725, 272 N.E.2d 274, this court held that the prosecution may not attempt to impeach the credibility of a witness with evidence which falls short of showing unlawful and disreputable occupation and serves only to insinuate the witness' lack of good character. The court ruled that the trial court

had committed reversible error in allowing defense witnesses to be cross-examined about their parenting practices, drinking habits, and participation in barroom fights. We believe that the cross-examination here, like that in *Gibson,* had the purpose and effect of portraying the witness as a generally immoral person. Though we reject defendant's argument that the conduct of the examination of Teresa, when compared to the examination of the plaintiff, shows prejudice by the trial court, we do agree that the court erred in allowing such cross-examination of Teresa.

Defendant next contends that he was prejudiced by the erroneous admission of evidence of prior crimes. In opening argument, the defense claimed that complainant had been a narcotics addict in August 1983. On direct examination, the prosecutor asked complainant how she was first introduced to drugs, and she testified that she was exposed to them by her older sister and stepmother at her father's house, but that he never drank or used drugs in front of her. The prosecutor asked the following:

"Q. Were you introduced to any type of drugs when you were growing up in your visits to your father's apartment?"

A. Later on there was cocaine in the house because my dad dealt cocaine off the side of my aunt 'cause my Aunt Rhonda is the cocaine dealer of the family."

The defense objected to the evidence of other crimes and moved for a mistrial. The trial court overruled the objection and denied the motion on the grounds that the complainant's mention of defendant's drug sales was not prompted by the prosecution and that the defense had "opened the door" to evidence of the drug sales by raising the issue of complainant's addiction in the opening statement.

■ Evidence which tends to show that an accused has committed crimes or acts of misconduct which are distinct and entirely unrelated to the one for which he is being tried is both incompetent and prejudicial. (*People v. Donaldson* (1956), 8 Ill. 2d 510, 517, 134 N.E.2d 776.) We find no justification for the admission of such evidence in the case at bar. Defendant's alleged drug sales were not relevant to any fact properly in issue and were not made relevant by the admission of evidence that complainant had been a narcotics addict. We are unpersuaded by the State's claim that its attempt to explain complainant's road to addiction justified the testimony, especially since the objectionable answer was elicited immediately after complainant said that others had introduced her to drugs and that she had never seen defendant drink or use drugs. The evidence of other crimes served only to suggest that defendant was a criminal, a poor parent, and the appro-

priate person to blame for complainant's addiction. Since such suggestion is improper in a criminal trial, the evidence should not have been admitted.

We believe that the foregoing errors, by focusing the jury's attention on other misconduct by defendant and his daughter Teresa, deprived him of a fair trial. Accordingly, we reverse the conviction and sentence entered by the circuit court of Cook County and remand the case to that court for retrial.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.